ORIGINAL-WHITE          DUPLICATE-YELLOW          TRIPLICATE-PINK

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF NEW YORK**

E 626862

RECEIVED FROM _Quinn Emanuel_ at _____

07cv8018

Complaint

| Fund | |
|------|--|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Civil Filing Fee (½) |
| 510100 | Registry Fee |

```
INVOICE #82218
DATE\TIME: 9/12/2007 4:24:23 PM
CASHIER: LATECIA
STATION: 01
===============================
 1  COMPLAINT 4/06          $350.00
       086900    $60.
       510000    $190.00
       086400    $100.00
===============================
GRAND TOTAL               $350.00
```

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

DEPUTY CLERK

| DATE: | 20 | Cash | Check | M.O. | Credit |
|-------|----|------|-------|------|--------|
| | | | | | |

**JUDGE HOLWELL**

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN ——————— **DISTRICT OF** ——————— NEW YORK

ADAM COREY

**v.**

YORK SEVENTY FOUR, LLC, a New York
Limited Liability Company, and
STEVEN HEIBERGER

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

# 07 CIV 8018

**TO:** (Name and address of defendant)

Steven Heiberger
York Seventy Four, LLC.
3180 Expressway Drive South
Islandia, NY 11749

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Kevin Reed, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

CLERK

(BY) DEPUTY CLERK

SEP 1 2 2007

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant. Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other *(specify)*: _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
　　　　　　　　Date　　　　　　　　　　　　　　　Signature of Server

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS 44C/SDNY
REV. 12/2005

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Adam Corey | York Seventy Four, LLC and Steven Heiberger |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)    ATTORNEYS (IF KNOWN)

Kevin Reed, Quinn Emanuel Urquhart Oliver & Hedges, LLP, New York

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
28 USC 1332 Diversity Jurisdiction – Defendants breached contract by failing to pay.

Has this or a similar case been previously filed in SDNY at any time? No☐  Yes? ☐  Judge Previously Assigned

If yes, was this case Vol☐  Invol. ☐  Dismissed. No☐ **X** Yes ☐  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

### ACTIONS UNDER STATUTES

| CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 620 FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | [ ] 630 LIQUOR LAWS | PROPERTY RIGHTS | [ ] 460 COMMERCE/ICC RATES/ETC |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 640 RR & TRUCK | [ ] 820 COPYRIGHTS | [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 650 AIRLINE REGS | [ ] 830 PATENT | [ ] 480 CONSUMER CREDIT |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | [ ] 840 TRADEMARK | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 690 OTHER | SOCIAL SECURITY | [ ] 810 SELECTIVE SERVICE |
| [ ] 160 STOCKHOLDERS SUITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | LABOR | [ ] 861 HIA (1395FF) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [X] 190 OTHER CONTRACT | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC (405(g)) | [ ] 891 AGRICULTURE ACTS |
| [ ] 196 FRANCHISE | | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 863 DIWW (405(g)) | [ ] 892 ECONOMIC STABILIZATION ACT |
| | | | [ ] 740 RAILWAY LABOR ACT | [ ] 864 SSID TITLE XVI | [ ] 893 ENVIRONMENTAL MATTERS |
| | | | [ ] 790 OTHER LABOR LITIGATION | [ ] 865 RSI (405(g)) | [ ] 894 ENERGY ALLOCATION ACT |
| | | | [ ] 791 EMPL RET INC SECURITY ACT | FEDERAL TAX SUITS | [ ] 895 FREEDOM OF INFORMATION ACT |
| REAL PROPERTY | ACTIONS UNDER STATUTES CIVIL RIGHTS | PRISONER PETITIONS | | [ ] 870 TAXES | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | | | | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | | | |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 MANDAMUS & OTHER | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 550 CIVIL RIGHTS | | | |
| | [ ] 440 OTHER CIVIL RIGHTS | [ ] 555 PRISON CONDITION | | | |

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $ 94,000   OTHER _____    JUDGE _____    DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)                                    ORIGIN

☒1 Original        ☐ 2a. Removed from  ☐ 3 Remanded from  ☐ 4. Reinstated or   ☐ 5 Transferred from  ☐ 6 Multidistrict   ☐ 7 Appeal to District
Proceeding              State Court         Appellate Court       Reopened           (Specify District)      Litigation          Judge from
                   ☐ 2b. Removed from State Court                                                                                Magistrate Judge
                        AND at least one party is a pro se litigant                                                              Judgment

(PLACE AN x IN ONE BOX ONLY)                        BASIS OF JURISDICTION                          IF DIVERSITY, INDICATE
☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 FEDERAL QUESTION   ☒ 4 DIVERSITY                    CITIZENSHIP BELOW.
                                              (U.S. NOT A PARTY)                                   (28 USC 1332, 1441)

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [X] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [X] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Plaintiff is a resident of Utah County, UT.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Defendant York Seventy Four is a limited liability company in New York County, NY.

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Steven Heiberger

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ FOLEY SQUARE
             (DO NOT check either box if this a PRISONER PETITION.)

DATE
9/12/07
RECEIPT #

SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 4   Yr. 94  )
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8018**

- - - - - - - - - - - - - - - - - - - - - - - -x
                            :

ADAM COREY

                Plaintiff,      :        Case No.

        vs.             :        **COMPLAINT**

YORK SEVENTY FOUR, LLC, a New  :
York Limited Liability Company, and      **DEMAND FOR JURY TRIAL**
STEVEN HEIBERGER            :

                Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - -x

SEP 19 2007
U.S.D.C. S.D.N.Y.
CASHIERS

### COMPLAINT

    Plaintiff Adam Corey ("Corey"), through his attorneys Quinn Emanuel Urquhart Oliver & Hedges LLP, for its Complaint against Defendants York Seventy Four, LLC and Steven Heiberger ("Heiberger") (collectively, "Defendants"), alleges as follows:

### STATEMENT OF THE CASE

    1.    This is an action to recover payment on a debt that is due and owing to plaintiff Corey as a result of Defendants' failure to pay a sum certain pursuant to a contract between the parties.

    2.    Plaintiff Corey sold an internet-based business to defendants, and pursuant to the contract, transferred to Defendants all of his right, title and interest to three internet domain names and certain information related to the business, including editorial content, advertising information, and files related thereto.

    3.    Defendants have paid only eighteen thousand dollars ($18,000) of the purchase price, and still owe Corey the sum of ninety four thousand dollars ($94,000).

## THE PARTIES

4.      Plaintiff Adam Corey is an individual residing in Utah county, Utah.

5.      Plaintiff is informed and believes, and thereon alleges that Defendant York Seventy Four, LLC ("York Seventy Four") is a limited liability company located in New York County and organized under the laws of New York with its principal place of business at 3180 Expressway Drive South, Islandia, NY, 11749.

6.      Plaintiff is informed and believes, and thereon alleges that defendant Steven Heiberger is an individual residing in Suffolk County, New York. Plaintiff is informed and believes, and thereon alleges, that defendant Steven Heiberger is the sole member of York Seventy Four, and is the principal and alter ego of York Seventy Four.

7.      Plaintiff is informed and believes, and thereon alleges, that there now exists, and at all times mentioned herein there has existed, a unity between York Seventy Four and Heiberger such that any individuality and separateness between these Defendants has ceased, and that Defendants are the alter egos of each other. Adherence to the fiction of the separate existence of said Defendants distinct from each other would promote form over substance and cause injustice.

## JURISDICTION AND VENUE

8.   .   Plaintiff brings this action for breach of contract, unjust enrichment, conversion, and constructive trust. This Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332, because Corey on the one hand and York Seventy Four and Heiberger on the other hand do not share common state citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and 1391(c).

## BACKGROUND ALLEGATIONS

10.    On or about January 8, 2007, Corey and Defendants entered into a contract whereby Corey agreed to sell to Defendants his internet-based business operating websites with the domain names "PUBLICRECORDSINFO.COM", "LAND-RECORDS.COM" and "ARREST-RECORDS.NET" (the "Business"), for the sum of $97,000.

11.    The Business consisted of owning and operating three websites setting forth convenient compilations of publicly available data that can be used by family historians, genealogists, people interested in performing background checks and others.  The Business earned revenues by selling space on its websites to advertisers.  Corey operated the Business from 2002 to the beginning of 2007.

12.    On information and belief, Defendants are the owners, officers, managers and/or operators of the website "RECORDS.COM" and other websites and internet businesses.

13.    Defendant Heiberger approached Corey in early 2006, asking if Corey was interested in selling the Business to Heiberger.  Corey was not interested in selling the Business at that time.

14.    Later in 2006, Corey approached Heiberger to see if Heiberger was still interested in purchasing the Business.

15.    On or around January 8-9, 2007, Corey and Heiberger signed a contract between Corey and York Seventy Four dated January 8, 2007 ("the Contract") for the sale of the Business to Defendants.  A copy of the Contract is attached hereto as Exhibit A.  The Contract is governed by the laws of the state of Utah.

16.    Shortly after signing the Contract, Corey transferred his right, title and interest to the domain names "PUBLICRECORDSINFO.COM", "LAND-RECORDS.COM" and

"ARREST-RECORDS.NET" to Defendants, and transferred all the files and content related to the Business to Defendants.

17.    Shortly after signing the contract, Defendants paid the down payment of $8,000 to Corey pursuant to paragraph 4 of the Contract.

18.    On or around April 24-25, 2007, Corey and Heiberger signed an amendment to the contract modifying the payment terms of the contract (the "Amendment").  A copy of the Amendment is attached hereto as Exhibit B.

19.    In or around June 2007, Defendants paid Corey $10,000 towards the purchase price set forth in the Contract and Amendment.

**DEFENDANTS' UNLAWFUL CONDUCT**

20.    Defendants have operated the Business continually since January 2007 and continue to operate the Business and earn revenue from the Business.

21.    Except for the payments set for above, defendants have made no further payments to Corey.

22.    Pursuant to the paragraph 5 of the Contract and Amendment and paragraphs 1 and 2 of the Amendment, Defendants owe Corey the sum of ninety four thousand dollars ($94,000), plus interest in the amount provided by law.

**COUNT I – BREACH OF CONTRACT**

23.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 22 of this Complaint.

24.    Corey and Defendants entered into the Contract and the Amendment.

25.    All conditions of the Contract and Amendment have been met or excused.

26.    Corey performed his duties and obligations pursuant to the Contract by

4

transferring to Defendants the domain names, files and content as set forth in the Contract.

27.    Defendants have failed to perform their duties and obligations pursuant to the Contract by failing to pay Corey ninety four thousand dollars ($94,000) toward the purchase price set forth in the Contract and Amendment.

28.    As a result of Defendants' breach of contract, Corey has been damaged thereby.

## COUNT II – UNJUST ENRICHMENT

29.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 28 of this Complaint.

30.    Defendants have received a benefit of receiving Corey's right and interest in the Business and the assets of the Business, including the right to publish information on the domain names "PUBLICRECORDSINFO.COM", "LAND-RECORDS.COM" and "ARREST-RECORDS.NET," and the content and the files of the business, and has earned revenue therefrom.

31.    Defendants have knowingly accepted the benefit of obtaining the Business and the assets of the Business.

32.    It is inequitable for Defendants to be permitted to retain the benefit they have received in obtaining the Business and the assets of the Business without paying for its value.

## COUNT III – CONVERSION

33.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint.

34.    Defendants have willfully interfered with Corey's possession of the Business and his possession of the assets of the Business and the domain names "PUBLICRECORDSINFO.COM", "LAND-RECORDS.COM" and "ARREST-

RECORDS.NET."

35.    Defendants' interference with Corey's possession of the Business was done without lawful justification.

36.    Defendants' interference has deprived Corey of the domain names "PUBLICRECORDSINFO.COM", "LAND-RECORDS.COM" and "ARREST-RECORDS.NET" and of his use and possession of the Business and the assets of the Business, and Corey has been damaged therefrom.

## COUNT IV – CONSTRUCTIVE TRUST

37.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 36 of this Complaint.

38.    Defendants have committed the wrongful acts set forth in paragraphs 1 through 34 of this Complaint.

39.    As a result of Defendants' wrongful acts, they have been unjustly enriched by operating the Business, selling advertising and collecting advertising revenues.

40.    The sums owed to Corey by Defendants are directly tied to Defendants' wrongful behavior.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants ordering:

a.    a declaration by the Court that a breach of the Contract and Amendment has occurred;

b.    judgment for Corey in the principal amount of $94,000 owed pursuant to the

Contract and Amendment;

    c.    an accounting and a disgorgement of profits earned by Defendants in operating

the Business;

    d.    That Plaintiff have and recover punitive damages;

    e.    interest in the maximum amount permitted by law;

    f.    That Plaintiff have and recover its reasonable attorneys' fees;

    g.    That Plaintiff have and recover its taxable costs and disbursements herein;

    h.    That Plaintiff have such other and further relief as the Court may deem just and

proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues triable to a jury.

DATED:    New York, New York
          September 📍, 2007

                                        QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP


                                        By: _____
                                            Kevin S. Reed

                                        51 Madison Avenue, 22nd Floor
                                        New York, New York  10010
                                        Tel:  (212) 849-7000
                                        Fax:  (212) 849-7100

                                        ATTORNEYS FOR ADAM COREY


                                        *Of Counsel*:

                                        QUINN EMANUEL URQUHART OLIVER
                                        & HEDGES, LLP
                                        Aaron Craig
                                        865 S. Figueroa Street, 10th Floor
                                        Los Angeles, California 90017
                                        Tel:  (213) 443-3000
                                        Fax:  (213) 443-3100

# EXHIBIT A

Received:    7/10/07 12:52PM;                801-785-7101 -> QUINN EMANUEL;  Page 2
07/10/2007   13:25    801-785-7101                ILEAD MEDIA                          PAGE  02/04

# AGREEMENT

Agreement made this **8** day of January, 2007 between Adam Corey whose address is 1418 East 2375 North, Lehi, Utah 84043 ("hereinafter "Seller") and York Seventy Four LLC, a New York limited liability corporation with offices at 3180 Expressway Drive South, Islandia, NY 11749 (hereinafter "Purchaser");

WHEREAS, Seller is the current owner and registrant listed in the records of Godaddy.com, Inc. as the owner of the Internet domain names PUBLICRECORDSINFO.COM, LAND-RECORDS.COM AND ARREST-RECORDS.NET (hereinafter the "Domain Names"), and

WHEREAS, Purchaser desires to purchase from Seller the Domain Names and to acquire from Seller all right, title and interest of Seller in or associated with the Domain Names, as well as all content under the Domain Names as hereinafter defined, and Seller desires to sell and transfer same to Purchaser on the terms and conditions herein set forth,

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Purchaser agree as follows:

1. **Seller:** Adam Corey, 1418 East 2375 North, Lehi, Utah 84043
2. **Purchaser:** York Seventy Four, LLC, 3180 Expressway Drive South, Islandia, NY 11749 ~ ( Collectively the "Domain names, Content and Files ")
3. **Purchase Price: $97,000. USD** for the Exclusive rights, title and interest to the domain names and web sites: Publicrecordsinfo.com, Land-Records.com and arrest-records.net. (including but not limited to all content ,files and domain name registration rights) All content and files shall become the exclusive property of purchaser and may not be duplicated or reproduced by seller.
4. **Down Payment:** Upon Acceptance and Execution of this agreement the amount of $8,000.00 USD shall be delivered to Seller ~ by certified check or bank check
5. **Balance of Purchase Price:** Balance of purchase price in the amount of $89,000.00 USD shall be delivered to Seller 60 days from date of this agreement, by certified check or bank check.
6. **Transfer of Files, Content and Domain Names:** Upon acceptance of this agreement and receipt of down payment of $8,000. Seller agrees to transfer all content, files and domain names to Purchaser. Domain names will be transferred to Purchasers account at Godaddy.com.
7. **Option to Purchase:** Seller agrees to give purchaser the right of first refusal to purchase the domain names, web sites and content of Freegensearch.com and Highschoolfinder .com.
8. **Sellers Representations:** Seller represents and warrants (i) that Seller is the exclusive owner of the Domain Names, Content and Files. (ii) Seller represents that Seller possesses all rights, title and interest in and to the Domain Names, Content and Files, (iii) that Seller has the power to enter into this AGREEMENT, (iv) that the Domain Names do not infringe on the rights of any other person or entity. (iv) that the rights transferred in this Agreement are free of any lien, encumbrance or adverse claim.
9. **Continuing Obligations:** Seller agrees to assist Purchaser, upon request, by taking any reasonable action that may be necessary for the perfecting, securing, and completing of this Agreement, including the execution of documentation by any agency and/or domain registrar responsible for the administration and/or transfer of the Domain Names.

Received:    7/10/07 12:53PM;                    801-785-7101 -> QUINN EMANUEL;  Page 3
07/10/2007   13:25    801-785-7101                ILEAD MEDIA                        PAGE 03/04

**10. Binding Effect:** The covenants and conditions contained in this Agreement shall apply to and bind the Parties and their heirs, legal representatives, successors and permitted assigns.

**11. Governing Law:** This Agreement shall be governed by and construed in accordance with the laws of the State of Utah.

**12. Confidentiality:** The parties and their officers, directors, employees and agents shall maintain the down payment and purchase price as confidential and shall not disclose same to third parties except as may be required by law or by either party to the extent necessary to enforce this Agreement or resolve disputes hereunder.

**13. This Agreement** supersedes any and all prior agreements, understandings, representations and communications, whether oral or written, relating to the subject all of which are merged herein, and represents the entire Agreement of the parties and such written document must make specific reference to this Agreement. modification or amendment of this Agreement must be made in a written document parties and such written document must make specific reference to this Agreement.

**14. This Agreement** is the result of negotiations between the parties and all parties shall be deemed to have drawn this Agreement and accordingly, no adverse inference, interpretation or construction shall be made against any party as the drafter of this Agreement or otherwise.

IN WITNESS WHEREOF, Seller and Purchaser, have caused this Agreement to be executed in duplicate as of the date first above written.

Adam Corey:

By: _____ Date: 01/09/07

York Seventy Four, LLC

By: _____ Date: 01/08/2007

# EXHIBIT B

Received:    7/10/07 12:53PM;                 801-785-7101 -> QUINN EMANUEL;   Page 4
07/10/2007   13:25   801-785-7101              ILEAD MEDIA                      PAGE  04/04

Apr 25 07 09:56a

04/24/2007  09:10   801-785-7101              ILEAD MEDIA                       P.1

## AMENDMENT TO AGREEMENT

Adam Corey and York Seventy-Four, LLC agree to amend their agreement dated January 8 2007, as follows:

1.    The remaining balance of $89,000.00 is to be paid in full, exactly 83 days after the original deadline of March 9, 2007. The new deadline will be May 31, 2007.
2.    An interest fee of $15,000.00 is also due at the new deadline of May 31, 2007.

3.    In no other regards is the Agreement modified.

4.    This amendment may be executed in counterparts and signatures transmitted by facsimile or other electronic means shall be deemed to be originals.

Adam Corey:

By: _____    Date: 4-24-07

York Seventy Four, LLC

By: _____    Date: 4-25-07